IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-434-BO

| | |
|---|---|
| LAURIE ASTERN<br>　　　Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, Attorney General,<br>and COLLETTE S. PETERS, Director,<br>Federal Bureau of Prisons,<br>　　　Defendants. | ORDER |

This cause comes before the Court on plaintiff's motion for leave to proceed *in forma pauperis*. [DE 1]. Plaintiff has also filed a motion for appointment of counsel, a motion to voluntarily dismiss her case if counsel cannot be appointed, and a motion to seal. Plaintiff proceeds in this action *pro se*.

First, the Court has considered plaintiff's request to proceed *in forma pauperis* and determines that she has demonstrated appropriate evidence of inability to pay the required costs. Her motion [DE 1] is therefore GRANTED and the clerk is DIRECTED to file the complaint.

Plaintiff further seeks appointment of counsel. There is no constitutional or statutory right to appointment of counsel in a civil case, and such appointment should be made only in exceptional cases. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). This case does not appear to present exceptional circumstances, and the request for appointment of counsel is therefore denied.

Plaintiff further seeks dismissal of this action if she is not appointed counsel. Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff my voluntarily dismiss an action without a court order before the opposing party serves its answer or a motion for summary

judgment. As defendants have neither been served nor appeared in this action, plaintiff may dismiss her case without leave of court. Accordingly, her request for voluntary dismissal is granted.

Finally, plaintiff asks that the records of this case be sealed. When documents sought to be sealed do not relate to a dispositive motion, they are subject to a common law right of access by the public, but not the First Amendment right of public access. *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988). The common law right of access may be overcome when "countervailing interests heavily outweigh the public interest in access." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption of access bears the burden of showing a significant interest that outweighs the presumption. *Id.*

Plaintiff has not satisfied her burden to show a significant interest that outweighs the presumption of public access. Plaintiff argues that she has been made aware that a company called Uni-Court has obtained the documents in this case and made them available on the internet. Plaintiff contends that she was offered a position for which she had interviewed but that the offer was rescinded on November 1, 2022, several days after this case was filed. Plaintiff further cites to advice she was allegedly given about when her case would be "filed."

This is simply insufficient to heavily outweigh the public's interest in access to court records and documents and the Court will not seal plaintiff's case. The public's right of access to court documents is "central to the legitimacy and independence of the judiciary." *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 621 (E.D. Va. 2011). Plaintiff primarily implies that an offer of employment was rescinded because of this availability of information about this case online.

2

Plaintiff's argument is speculative, however, which is insufficient to heavily outweigh the public's interest. The motion to seal is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* [DE 1] is GRANTED and the clerk is DIRECTED to file her complaint. Plaintiff's motion for appointment of counsel [DE 2] is DENIED. Plaintiff's motion to voluntarily dismiss her complaint [DE 5] is GRANTED and this action is hereby DISMISSED without prejudice. Plaintiff's motion to seal [DE 6] is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this __7__ day of February 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE